WILLIAM F. WILKE, INC., a Maryland
corporation, Appellant,

v.

DEPARTMENT OF the ARMY OF the
UNITED STATES of America
et al., Appellees.

WILLIAM F. WILKE, INC., Plaintiff-
Appellee,

v.

DEPARTMENT OF the ARMY OF the
UNITED STATES of America, and
Robert F. Froehlke, Secretary of the
Army, Defendants-Appellants,

A & M Gregos, Inc., Intervenor-
Appellant.

WILLIAM F. WILKE, INC., a Maryland
corporation, Appellee,

v.

DEPARTMENT OF the ARMY OF the
UNITED STATES of America, and
Robert F. Froehlke, Secretary of the
Army, Appellants.

Nos. 73-1483, 73-1484 and 73-1497.

United States Court of Appeals,
Fourth Circuit.

Argued June 5, 1973.

Decided Sept. 26, 1973.

Allan J. Malester, Baltimore, Md. (Roy Niedermayer and Gordon, Feinblatt, Rothman, Hoffberger & Hollander, Baltimore, Md., on brief) for appellant and appellee William F. Wilke, Inc.

Robert E. Kopp, Atty., U.S.. Dept. of Justice (Harlington Wood, Jr., Asst. U. S. Atty. Gen., George Beall, U.S. Atty., Barbara L. Herwig, Atty., U.S. Dept. of Justice, on brief), for appellee and appellant Dept. of the Army of the United States.

C. Stanley Dees, Washington, D.C. (Sellers, Conner & Cuneo, Washington, D.C., Wilbur D. Preston, Jr., and Whiteford, Taylor, Preston, Trimble & Johnson, Baltimore, Md., on brief), for appellee and intervenor-appellant A & M Gregos, Inc.

Before HAYNSWORTH, Chief Judge, WINTER, Circuit Judge, and KNAPP, District Judge.

HAYNSWORTH, Chief Judge:

A disappointed bidder on a Government contract, we conclude, has standing to contest an award to another whose lower bid was tardy and wrongfully considered, but the District Court, under the circumstances, properly denied injunctive relief and limited the plaintiff to recovery of its bid preparation costs.

On February 20, 1973, the United States Army Corps of Engineers advertised for bids for barracks rehabilitation at Fort George C. Meade, Maryland. The advertisement specified that bids would be received until 3:00 P.M., March 13, 1973, at the office of the District Engineer in Baltimore, Maryland. At that time the bids would be publicly opened.[1]

The time for opening arrived, and the box containing the submitted bids was brought into the room in which the opening was to take place. The Army's bid officer opened the box and began sorting out the bids. Minutes later at 3:04 P.M., a representative of A & M Gregos, Inc.[2] came forward and placed Gregos' bid with the others. The bid was accepted, and the bid officer proceeded to make a bid opening announcement with the statement, "It is now three o'clock, time to open bids on Invitation No. DACA 31–73–B–0066. Are all bids in?" The first bid was then opened at 3:05 P.M. At the conclusion of the ceremony, Gregos proved to be the low bidder at $2,877,000. The next low bidder was the plaintiff, William F. Wilke, Inc., at $2,941,349.

Immediately after the opening ceremony, Wilke's representative orally protested the acceptance of Gregos' bid. This was followed by a telegram and a letter from Wilke, both asserting the tardiness of Gregos' bid. The Army considered Wilke's objections but finally decided to accept Gregos' bid nonetheless. A notice of award was issued to Gregos on March 28, 1973.

After being notified of this action, Wilke sought judicial relief in the United States District Court for the District of Maryland. That court granted a temporary restraining order on April 4, 1973,[3] to stop the Army from taking further steps to effect performance of the contract.

After a hearing on Wilke's request for a preliminary injunction and submission of motions and memoranda by the par-

---

1. An earlier round of bids for the same project was concluded January 23, 1973. The Army declared that round a nullity because of certain irregularities in the contract specifications.

2. Gregos' representative, Nicholas Tsaronhous, was seated in the bid opening room prior to 3:00 P.M. and was present when the bid box was brought in.

3. Prior to the issuance of the restraining order, as well as following the District Court's opinion, Gregos actively began work and incurred substantial obligations in furtherance of the contract.

ties, the District Court filed an opinion on April 16, 1973. To the extent that Wilke sought declaratory judgment, the court found Gregos' bid "untimely, non-responsive, contrary to the terms of the invitation, void and of no effect." But the court declined to grant injunctive relief that would effectively put Wilke in the position of successful bidder. Pursuant to the Army's and Gregos' requests, Gregos was allowed to answer as a party defendant.

All parties unsuccessfully moved to have the judgment of the District Court altered.

■ For the reasons given therein, we affirm the District Court's opinion. 357 F.Supp. 988 (D.Md. 1973). We agree that Gregos' bid was not timely filed under the terms of the invitation or the applicable statute and regulations. 10 U.S.C. § 2305(c); 32 C.F.R. §§ 1-101 et seq. Such a finding is consonant with the interpretations given by the Comptroller General's office.

■■ Similarly, we agree with the District Court's denial of injunctive relief. Whether to grant such extraordinary relief has always been discretionary with the trial court. This is particularly true in a situation such as this where granting of any relief is unusual. M. Steinthal & Co. v. Seamans, 147 U.S. App.D.C. 221, 455 F.2d 1289 (1971). Further justification for limiting relief rests in the fact that Gregos gained no actual competitive advantage in its late bid submission. While there was a violation of the strict terms of the invitation, it was a technical violation only. No one suggests that Gregos had any

more relevant information at 3:04 P.M. than at 3:00 P.M. Finally, Wilke is not denied a remedy altogether. It may still seek recovery of bid preparation costs in the Court of Claims. Keco Industries, Inc. v. United States, 428 F.2d 1233, 192 Ct.Cl. 773 (1970).

Since the District Court granted declaratory relief in favor of Wilke, it necessarily found that Wilke was entitled to judicial relief. We concur in that conclusion, but find that further discussion of that issue is necessary.[4]

■ The Army relies on Perkins v. Lukens Steel Co., 310 U.S. 113, 60 S.Ct. 869, 84 L.Ed. 1108 (1940), as authority for the premise that an unsuccessful bidder, such as Wilke, cannot found a cause of action against a Government agency on alleged violations of legislation regulating that agency's activities.[5] In *Lukens Steel,* the Supreme Court considered such statutes as guides for the internal operation of agencies, and not as any "bestowal of litigable rights upon those desirous of selling to the Government * * *." *Id.* at 127, 60 S.Ct. at 877. Circumstances and statutes have changed, however. Members of the public peculiarly affected by the Government's misapplication of such statutes now do have a litigable interest, as other courts have recognized.

In Scanwell Laboratories, Inc. v. Shaffer, 137 U.S.App.D.C. 371, 424 F.2d 859 (1970), the court found that the rationale of *Lukens Steel*[6] had been substantially eroded by subsequent legislation, particularly Section ten of the Administrative Procedure Act, 5 U.S.C. § 702. The unsuccessful bidder was found to

---

4. The Army did not challenge Wilke's right to judicial relief until after this appeal was brought. The Army now contends Wilke has no legal interest in the Army's bid award practices and therefore is not entitled to any relief. Because of the Army's failure to specifically raise this issue in the District Court, Wilke contends such a defense has been waived. The merit of this argument notwithstanding, since we find Wilke is entitled to relief, it is unnecessary to consider the waiver issue.

5. *See also* Gary Aircraft Corp. v. United States, 342 F.Supp. 473 (W.D.Tex.1972).

6. The circumstances surrounding Lukens Steel cannot be ignored. It was decided in an era of pre-war mobilization. The decision of the Supreme Court was made in response to a lower federal court's injunction against six Cabinet officers acting under an entire statutory program. That injunction had been in effect for over one year. The program concerned wage regulation in the steel industry.

have standing to sue. A similar conclusion was reached by the Third Circuit in Merriam v. Kunzig, 476 F.2d 1233 (3d Cir. 1973). Although these cases were directly concerned with the standing of an unsuccessful bidder to sue a Government agency, the same collateral issue was considered in each—whether legislation regulating governmental activity inures to the benefit of those tangentially affected.[7]

 While those seeking Government contracts have no right to the award of a contract,[8] they do have a right to reasonable treatment of their bids. Heyer Products Co. v. United States, 140 F. Supp. 409, 135 Ct.Cl. 63 (1956). *See also* Copper Plumbing & Heating Co. v. Campbell, 110 U.S.App.D.C. 177, 290 F. 2d 368 (1961). This right derives from the combination of the statutory scheme regulating military procurement, 10 U. S.C. §§ 2301–2314, and the review provision of the Administrative Procedure Act, 5 U.S.C. § 702.

 Because of the Army's acceptance of a tardy bid, Wilke lost any chance to be awarded the Fort Meade contract. Wilke thus suffered a financial loss as a result of the Army's failure to follow its own regulations and bid specifications. Similarly the public was wronged by the Army's disregard of express legislation. The general public, however, has no legal recourse. Only a party suffering an injury in fact has standing to protect this interest. Sierra Club v. Morton, 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972). It is because of its injury that "[p]laintiff, and others like it, have a litigable interest in attempting to protect the public interest in the integrity of the competitive bidding process * * * ." Lom-

bard Corp. v. Resor, 321 F.Supp. 687, 692 (D.D.C. 1970).

Affirmed.

DENNIS R. KNAPP, District Judge, reserves the right to file a dissenting opinion.

---

7. "Patently the statute protects not only the Government's interest in securing advantageous contracts, but also the interests of those responding to the Government's invitation to do business with it." 476 F.2d 1242 (footnote omitted).

8. The Armed Forces Procurement Act, 10 U.S.C. § 2305(c) permits the rejection of *all* bids in the public interest.